Ella Rose PHILLIPS, Appellant,

v.

STATE of Indiana, Appellee.

No. 881S202.

Supreme Court of Indiana.

July 7, 1982.

Leroy K. New, Carmel, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged along with two co-defendants in one count of murder. A jury found appellant guilty of the crime of Voluntary Manslaughter. Appellant was sentenced to a fifteen year term of imprisonment.

Following are the facts. The decedent, one James Phillips, was the ex-husband of appellant. In the late evening or early morning hours of August 25–26, 1980, appellant went to an Indianapolis bar to drink with one of her brothers, Jimmy Wallace, one William Kimberly, and one Tina Sparks. At some point it was determined the four were going to go to the decedent's home to collect a debt allegedly owed by him to appellant's brother Jimmy.

Later in the evening the four were picked up by another of appellant's brothers, Teddy Wallace, and a sixth person, one Arnold. All six drove to the decedent's home. Upon arriving appellant and both of appellant's brothers confronted the decedent. When the decedent entered a car parked in back of his house, Jimmy Wallace dragged him from the car and a fight ensued. Appellant encouraged her brother throughout the attack. The decedent was stabbed several times. When the fight was over the four re-entered the car, which Arnold and Kimberly had by this time driven to the back of the house. Jimmy Wallace was holding a switchblade knife when he entered the car. He stated to the group that he had killed the decedent.

Early the next morning appellant, Kimberly, and appellant's brothers were arrested. Appellant and her brothers were charged with the instant offense, although charges against Teddy were later dismissed.

Appellant claims the evidence is insufficient to sustain the verdict of the jury. The gist of appellant's contention is there was a failure by the State to prove the identity of the person murdered. Appellant acknowledges a police officer investigating the crime testified he viewed the body of a deceased person identified to him as "James Phillips." Appellant also concedes a pathologist testified he examined the body of a person and identified it as the body of one "James Phillips." He further testified the person so identified died as a result of multiple stab wounds to the chest and abdomen.

Additionally, the testimony of witness William Kimberly was that "James Phillips" was the person he saw assaulted by Jimmy Wallace with appellant's encouragement and was the same person Jimmy stated he had killed upon re-entering the car in which the group had traveled to the scene. However, appellant contends there is insufficient testimony to connect the testimony of these witnesses in such a way as to allow the jury to reasonably infer that all the "James Phillipses" referred to by each were in fact the same person.

Appellant's contention is without merit. Witness Kimberly testified he was present at the events of the night in question. He identified State's Exhibit Two as a photograph of the decedent's body laying beside the car from which he was pulled and assaulted by Jimmy Wallace. A police officer identified State's Exhibits Three and Four as photographs of the scene where the body of one James Phillips was found on the ground beside his car. The police officer identified State's Exhibit One as a photograph of the face and shoulders of James Phillips as he lay on the ground at the scene. State's Exhibit Five is a photograph of the body of the subject of an autopsy identified by a pathologist as that of one James Phillips.

 Taken as a whole the evidence offered, and the reasonable inferences that may be drawn from it, support the jury's conclusion that the James Phillips named in the indictment, the James Phillips found

dead by police in back of his home, the James Phillips identified by witness Kimberly as the person assaulted by appellant's brother, and the James Phillips identified by the pathologist as the person on whom he performed the autopsy were all one and the same person.

We hold the evidence is sufficient to support the finding of the jury that the victim as named in the indictment and whose manner of death was attested to by witness Kimberly and the pathologist were the same person.

 Appellant claims the trial court erred in not stating its reasons for enhancing her sentence by five years beyond the presumptive ten year sentence for a Class B felony. The addition of years to basic felony sentences involves two statutes, I.C. 35–50–1A–3 and I.C. 35–50–1A–7 [Burns 1979 Repl.]. The former of these statutes requires the trial court to state its reasons for selecting the sentence that it imposes. The latter names the factors the sentencing court may consider in determining whether to add years to the basic term.

Originally in this case the statement of the court was not sufficient to satisfy I.C. 35–50–1A–3, in that it only named one of the factors required by I.C. 35–50–1A–7 as a reason for sentence enhancement. This deficiency was corrected when this Court ordered the trial court to comply with the statute. The trial court responded by filing findings of fact and reasons for enhancement of the sentence. The trial court listed specific prior criminal activity of appellant that is borne out by the record, and also referred to the facts appellant encourages the principal to commit the offense and that she had committed prior batteries on the victim. We conclude any error committed by the trial court in not properly stating its reasons for enhancing appellant's sentence has been vitiated. We find no reversible error.

 Appellant contends due to the disparity between her sentence as an accessory and the sentence received by the principal, a reversal of the conviction is necessary.

Appellant cites no authority for the proposition such a remedy is necessary even if there is some disparity in the sentences as meted out.

This Court has held there must be consistency between verdicts where an accessory and a principal are charged with the same offense. *Rufer v. State*, (1980) Ind., 413 N.E.2d 880; *Schmidt v. State*, (1973) 261 Ind. 81, 300 N.E.2d 86; *Combs v. State*, (1973) 260 Ind. 294, 295 N.E.2d 366. However, this Court has specifically rejected the argument there must be consistency in sentencing of principals and accessories. *Rufer, supra; Wright v. State*, (1977) 266 Ind. 327, 363 N.E.2d 1221. Such a result is manifestly appropriate where one of the reasons for the enhanced sentence for the accessory is prior criminal activity, which of course bears no relationship to the instant offense and may be vastly different from that of the principal. We hold there is no error in this regard.

The trial court is in all things affirmed.

All Justices concur.