Jerry GRAHAM, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8802–CR–205.

Supreme Court of Indiana.

March 21, 1989.

Rehearing Denied May 31, 1989.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Voluntary Manslaughter, a Class B felony, for which he received a sentence of fifteen (15) years.

The facts are: On April 19, 1987, Iva Smith, her daughter Paula Royster, and her granddaughter Casandra Royster were eating dinner at Iva's home in Indianapolis when Paula received a telephone call from her friend Arlee. Iva heard Paula say, "Well, Arlee, I'm not going to quit walking the streets because Jerry is running up and down the streets with a gun." Paula had stopped living with Jerry Graham, appellant in this case, and recently had moved in with Iva.

Soon thereafter, Iva, Paula, and Casandra all got into Iva's car to go to a relative's house. Before they had emerged from their parking space, appellant drove up and positioned his car to block Iva's. Seeing that appellant had a gun, Casandra rolled up the car window and appellant said, "Paula, I want to talk to you." He then fired the gun several times at Paula, got back into his car, and drove away.

Paula died at the hospital from four gunshot wounds.

Appellant testified that previous to the shooting, he had experienced harassment from Paula due to his involvement with another woman, and Paula had stolen his car and had shot at him on several occasions.

Appellant argues the evidence is insufficient to sustain his conviction. At trial, Iva and Casandra testified about the shooting. Appellant asserts the State failed to prove that Paula Royster, who was the subject of the coroner's report, was the same person about whom Iva and Casandra testified at trial and was listed as the victim in the information.

We will not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The record in appellant's case shows that the victim's mother and daughter were eyewitnesses to the shooting and identified Paula Royster as the victim. Three neighbors who were sitting on their front porch saw the shooting and identified the same Paula Royster as the victim. The police officer who was the first to arrive at the scene of the incident testified that he found the victim in her mother's car, and an ambulance took her to the hospital. The Marion County Coroner's report stated that 32-year-old Paula Royster died of multiple gunshot wounds.

From the evidence, the jury may have reasonably inferred that Paula Royster named in the information was the same person who was the subject of the witnesses' testimony and the coroner's report. *Phillips v. State* (1982), Ind., 436 N.E.2d 1123. The evidence is sufficient to sustain appellant's conviction.

Appellant argues his conviction must be reversed due to the erroneous admission of his inculpatory statements made to police.

Indianapolis Police Officer Wheeler testified that on April 19, 1987 appellant walked into police headquarters and said he wanted to turn himself in because he shot somebody. After appellant identified himself, he was placed under arrest, advised of his

Miranda rights, and he responded that he understood his rights. Appellant then stated that he knew where the gun was and he would have to show them its location, so police drove him to the scene of the shooting. As they got nearer the location, appellant asked them to not drive to the area of the shooting because Paula's family may be there, but they drove through the crime scene anyway. Appellant became nervous and repeatedly asked about Paula's condition. When police asked appellant why he shot Paula Royster, he responded because he loved her and they were having trouble.

Appellant claims his confession was involuntary and a product of police coercion. He states that he did not make any inculpatory statements while he was in the safety of the police station, but by driving near the crime scene, police placed him in a position which he believed to be personally perilous and caused him to become agitated and unnerved. He also asserts that because his waiver of *Miranda* rights occurred hours earlier, no proper waiver of rights was made pertaining to the statements made in the police car.

The question of whether a confession was voluntary is one for the trial court upon their determination of the totality of the circumstances. Upon review, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Brown v. State* (1985), Ind., 485 N.E.2d 108.

██ The record shows that appellant walked into the police station and announced his confession that he shot someone. At that time, he was not in custody or deprived of his freedom in any way; thus, the *Miranda* safeguards do not apply to his voluntary confession. *Scott v. State* (1987), Ind., 510 N.E.2d 170.

██ Appellant's claim that his *Miranda* rights should have been reread to him is without merit. Once a suspect has been given his *Miranda* rights and he has waived them, that advisement need not be repeated so long as circumstances attending any interruption or adjournment of process are such that the suspect has not been deprived of the opportunity to make an

informed and intelligent assessment of his interests involved in the interrogation, including the right to cut off questioning. *Moredock v. State* (1987), Ind., 514 N.E.2d 1247.

Appellant provided information on his own volition during the three to four-hour period he helped police investigate the shooting. Though police testified that appellant became 'antsy' while driving through the crime scene, we believe the evidence was sufficient for the trier of fact to determine that appellant was not denied the opportunity to make an informed assessment of his interests, including the right to cut off questioning. We find appellant's statements were voluntary, and no error occurred in their admission. *Brown, supra.*

Appellant argues the trial court erroneously excluded his tendered exhibits A, B, and C.

Exhibit A was an insurance report detailing the damage his car sustained when the victim allegedly stole it. Exhibit B was a police report of an accident which was offered for the purpose of showing the victim's violent nature. Exhibit C was the victim's criminal history. The State objected to these exhibits on the ground that they were irrelevant, and their objections were sustained. Appellant argues the exhibits were essential to his claim of self-defense, and their exclusion hampered his ability to prove that the victim's past violent acts caused him to fear for his life.

██ Evidence on collateral matters is arguably admissible only when there is appreciable evidence to support a claim of self-defense. *McCune v. State* (1986), Ind., 491 N.E.2d 993.

██ To prevail on a claim of self-defense, appellant must have been in a place where he had a right to be, acted without fault, and acted in reasonable fear or apprehension of death or great bodily harm. *Hinkle v. State* (1984), Ind., 471 N.E.2d 1088. The evidence in appellant's case shows that he sought out the victim and shot her. There was no evidence that the

victim had provoked or threatened him on the day of the shooting; in fact, the record shows appellant attempted to contact her several times that day, and she hung up on him. Appellant has not shown he believed deadly force was necessary to protect himself. Therefore, his proposed exhibits were properly refused.

Appellant argues his sentence is unreasonable because the trial court failed to consider pertinent mitigating circumstances.

During the sentencing hearing, the trial court found the mitigating circumstances were appellant's lack of prior criminal history and his record of stable employment. The fact that appellant parked his car to trap them and endangered the other people in the car were aggravating factors. Appellant claims the trial court neglected to consider other mitigating factors listed in Ind.Code § 35–38–1–7(c), which were relevant to his case.

The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. However, appellant cites *Wilkins v. State* (1986), Ind., 500 N.E.2d 747 for the proposition that if significant mitigating circumstances are clearly supported by the record, it would be proper to remand for resentencing.

In *Wilkins*, we reiterated that when a defendant argues mitigating circumstances to the trial court, the sentencing judge is not obligated to explain why he has not chosen to make a finding of mitigation. However, the failure of the trial court to find mitigating circumstances which are clearly supported by the record may reasonably give rise to a belief that they were overlooked and hence not properly considered.

When the trial court's sentencing statement fails to discuss or evaluate the mitigating circumstances and fails to make a finding that mitigating factors were not present, it would be proper to remand with instructions to reconsider the sentence if significant mitigating circumstances are clearly supported by the record. *Id.* at 749.

Appellant's case differs from *Wilkins* in that the trial court in his case did discuss the mitigating factors it found to be pertinent. Therefore, we cannot presume that the trial court overlooked the mitigating portion of the sentencing determination.

Appellant's sentence is authorized by statute and is not manifestly unreasonable in light of the nature of the offense and the character of the offender. *Elliott v. State* (1988), Ind., 528 N.E.2d 87.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.