## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Apr 13 2015, 11:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jesse Velez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 13, 2015

Court of Appeals Case No. 49A02-1409-CR-660

Appeal from the Marion Superior Court
The Honorable David Certo, Judge
Cause Nos. 49F12-1206-FD-38368, 49F12-1208-FD-57410, 49F12-1208-CM-57502, 49F12-1208-FD-60304, 49F12-1305-FD-31844, 49G12-1405-FD-25741

**Bradford, Judge.**

# Case Summary

[1] Over the course of a nearly two-year time period, Appellant-Defendant Jesse Velez was arrested for numerous criminal offenses, including theft, possession of drug paraphernalia, prostitution, public indecency, resisting law enforcement, and conversion. He was charged for these criminal offenses under six different cause numbers. Velez eventually pled guilty to all but one of the charges levied against him. The remaining charge was dismissed. Following Velez's guilty pleas, the trial court sentenced Velez to an aggregate eight and one-half year term, with six and one-half years executed in the Department of Correction ("DOC") and two years served in community corrections.

[2] On appeal, Velez challenges his sentence, arguing both that the trial court abused its discretion in sentencing him and that his sentence is inappropriate. Concluding otherwise, we affirm.

# Facts and Procedural History

## I.  Cause Number 49F12-1206-FD-38368 ("Cause No. FD-38368")

[3] On June 6, 2012, Velez visited a Marsh Supermarket. While at the Marsh Supermarket, Velez placed three bottles of vodka in a backpack. He then attempted to leave the store without paying for the bottles. Velez was stopped outside the store by two Marsh employees who then notified the police. Later that day, Appellee-Plaintiff the State of Indiana (the "State") charged Velez with Class D felony theft. On March 4, 2013, the State amended the charging information to include a charge of Class A misdemeanor conversion.

## II. Cause Number 49F12-1208-FD-57410 ("Cause No. FD-57410")

On August 19, 2012, Indianapolis Metropolitan Police Department ("IMPD") Officer John Schweers observed Velez walking in an alley with a glass pipe in his left hand. Based on Officer Schweers's training and experience as a police officer, he immediately recognized the glass pipe to be a "crack pipe." Appellant's App. p. 48. When Velez saw Officer Schweers's marked police vehicle, Velez put his left hand in his front pants pocket. Officer Schweers then asked Velez to show his hands. Velez initially complied, before shoving his left hand back into his pocket. Fearing that Velez may be armed with a weapon, Officer Schweers patted Velez down and found a crack pipe with steel wool pushed into one end in Velez's pants pocket. Officer Schweers also found a "wad" of steel wool and an ink stick, both of which are commonly used in smoking cocaine. Appellant's App. p. 49. The next day, on August 20, 2012, the State charged Velez with Class A misdemeanor possession of paraphernalia and Class D felony possession of paraphernalia.

## III. Cause Number 49F12-1208-CM-57502 ("Cause No. CM-57502")

At approximately 6:50 a.m. on August 20, 2012, Velez "got into" a vehicle and told the driver that he likes to give fellatio and would do so for $25.00. Appellant's App. p. 79. Velez "fondled [the driver's] genitals" and asked, "You're not a cop are you?" Appellant's App. p. 79. As it turns out, he was.

Later that day, the State charged Velez with Class A misdemeanor prostitution and Class A misdemeanor public indecency.

## IV. Cause Number 49F12-1208-FD-60304 ("Cause No. FD-60304")

On August 30, 2012, IMPD Officer Kenneth Greer responded to a report that a man was attempting to "flag cars down" and was "looking into parked cars." Appellant's App. p. 107. When Officer Greer arrived at the location, he observed Velez, who matched the description of the individual in question, walking on the sidewalk. Officer Greer approached Velez and "stated that [he] needed to talk to him." Appellant's App. p. 107. Officer Greer then observed Velez "with his left closed fist throw something down on the sidewalk that made a sound of broken glass." Appellant's App. p. 107. The item in question was subsequently identified to be a broken "crack pipe." Appellant's App. p. 107. In addition to the burnt glass from the pipe, Officer Greer also located a "burnt piece of brillo pad." Appellant's App. p. 107. Later that day, the State charged Velez with Class A misdemeanor possession of paraphernalia and Class D felony possession of paraphernalia.

## V. Cause Number 49F12-1305-FD-31844 ("Cause No. FD-31844")

At approximately 1:45 a.m. on May 15, 2013, IMPD Officers Keith Albert, Jean Burkert, and Jeremy Lee responded to a request for assistance from a CVS Store. Upon arriving at the CVS, the officers learned that Velez had left a CVS

with an unusual bulk in his midsection. The store manager chased after and apprehended Velez. Officer Albert approached and "lifted Velez's shirt and pulled two bottles of tide liquid detergent and a Lysol spray can that were inside Velez's waistband and placed them on the ground." Appellant's App. p. 137. When Officer Albert attempted to detain Velez by placing him in handcuffs, Velez "tensed up his arms and began to pull away." Appellant's App. p. 137. Although Velez continued to resist and disobeyed the officers' orders, he was subsequently brought under control by the officers. Later that day, the State charged Velez with Class D felony theft and Class A misdemeanor resisting law enforcement. On January 17, 2014, the State amended the charging information to include a charge of Class A misdemeanor conversion.

## VI. Velez Placed in Mental Health Diversion Program

On January 16, 2013, Velez was placed in PAIR, a mental health diversion program. On December 16, 2013, the State filed a motion seeking to terminate Velez's placement in the program. In making this motion, the State alleged that Velez had violated the terms of his participation in the PAIR program by being arrested for and charged with new criminal offenses, testing positive for cocaine, failing to appear for drug screens as ordered by the court, misleading the court as to his residence, and failing to attend sessions with his mental health treatment provider.

# VII. Cause Number 49F12-1405-FD-25741 ("Cause No. FD-25741")

On May 16, 2014, IMPD officers were dispatched to a Walmart store in reference to a shoplifter running from the store. Officers observed an individual matching the description provided by Walmart employees running northbound away from the store. The individual was subsequently identified to be Velez. After detaining Velez, officers recovered a tool set and four pairs of gloves, all of which had been reported stolen by a Walmart employee who observed Velez take the items "off the shelf and walk past all points of purchase without paying for the merchandise." Appellant's App. p. 164. Later that day, the State charged Velez with Class D felony theft.

# VIII. Velez's Guilty Pleas

With exception to the charge of Class D felony theft that was charged under Cause No. FD-31844, on August 25, 2014, Velez pled guilty to all of the charged crimes that are set forth above. Under Cause No. FD-38368, the trial court accepted Velez's guilty plea and merged Velez's conviction for Class A misdemeanor conversion into his conviction for Class D felony theft. Under Cause No. FD-57410, the trial court accepted Velez's guilty plea and merged Velez's conviction for Class A misdemeanor possession of paraphernalia into his conviction for Class D felony possession of paraphernalia. Under Cause No. CM-57502, the trial court accepted Velez's guilty plea. Under Cause FD-60304, the trial court accepted Velez's guilty plea and merged Velez's conviction for Class A misdemeanor possession of paraphernalia into his

conviction for Class D felony possession of paraphernalia. Under Cause No. FD-31844, the trial court dismissed the Class D felony theft charge and accepted Velez's guilty plea for the remaining charges. The trial court also accepted Velez's guilty plea under Cause No. FD-25741.

## IX. Sentencing Following Velez's Guilty Pleas

[11] After accepting Velez's guilty pleas, the trial court sentenced Velez as follows: (1) one and one-half years under Cause No. FD-38368; (2) one and one-half years under Cause No. FD-57410; (3) one year in community corrections under Cause No. CM-57502; (4) one and one-half years under Cause No. FD-60304; (5) one year in community corrections under Cause No. FD-31844; and (6) two years under Cause No. FD-25741. The trial court ordered each of the sentences to run consecutive to one another, for an aggregate term of six and one-half years executed in the DOC, followed by two years in community corrections. This appeal follows.

## Discussion and Decision

[12] Velez challenges his sentence on appeal, claiming both that the trial court abused its discretion in sentencing him and that his aggregate eight and one-half-year sentence is inappropriate in light of the nature of his offenses and his character.

# I. Abuse of Discretion

[13] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490-91.

[14] Velez claims that the trial court abused its discretion in sentencing him because the trial court failed to find his mental illness to be a mitigating factor at sentencing. The finding of mitigating factors is discretionary with the trial court. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993) (citing *Graham v. State*, 535 N.E.2d 1152, 1155 (Ind. 1989)). The trial court is not required to find the presence of mitigating factors. *Id.* (citing *Graham*, 535 N.E.2d at 1155).

Further, if the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. *Id.* (citing *Hammons v. State*, 493 N.E.2d 1250, 1254-55 (Ind. 1986)).

[15] In sentencing Velez, the trial court made a lengthy oral statement setting forth Velez's sentence and explaining the trial court's reasons for imposing the particular sentence. The trial court made multiple references to Velez's mental illness in making this statement, and concluded by stating the following:

> Your attitude towards whatever your sentence may be is going to be the determining factor in how successful you are; okay? And, that's easy for me to say from up here. It's not necessarily easy for someone to do, regardless of where they are. But, I hope you know that I believe wholeheartedly that you and your attitude toward your mental illness and your drug addiction is in the place now where as long as you keep on the same road that you're going you can conquer them and you can make the life that you want to make; okay? Regardless of what I'm doing today, you can make your life better. All right? And, I hope that you meant that and I hope that you will continue to do that.

Tr. pp. 96-97. Although the trial court did not specifically explain why it did not find Velez's mental illness to be a mitigating factor, the trial court's oral sentencing statement indicates that the trial court did consider Velez's mental illness in sentencing Velez.

[16] Furthermore, even if we were to find that the trial court did not consider Velez's mental illness, we conclude that the trial court did not abuse its discretion in declining to find that Velez's mental illness was a mitigating factor.

> The mitigating weight to be afforded a defendant's mental impairment depends on: 1) the extent of the defendant's inability to control his or her behavior due to the impairment; 2) overall limitations on functioning; 3) the duration of the mental illness; and 4) the extent of any nexus between the impairment and the commission of the crime. *Williams v. State*, 840 N.E.2d 433, 439 (Ind. Ct. App. 2006).

*Smith v. State*, 929 N.E.2d 255, 259 (Ind. Ct. App. 2010).

[17] Velez has not established that the effect his mental illness impacted his ability to control his behavior or limited his ability to function. More importantly, Velez failed to establish that there was a nexus between his mental condition and his crimes. Rather than being impacted by his mental illness, Velez's actions appear to be largely impacted by his drug addiction. We therefore cannot say the trial court abused its discretion in declining to find Velez's mental illness to be a mitigating factor.

# II. Appropriateness of Sentence

[18] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans.*

*denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[19] In challenging the appropriateness of his sentence, Velez argues that a minimum sentence was appropriate in light of the nature of his offenses. We cannot agree. While the nature of each of Velez's individual offenses was not particularly egregious when considered in isolation, the quantity and consistency of his criminal actions justify an enhanced sentence. The record demonstrates that Velez was convicted of eight criminal offenses stemming from six unrelated episodes of criminal conduct, all of which he committed over the course of a less than two years. Velez's criminal offenses include theft, conversion, possession of paraphernalia, prostitution, public indecency, and resisting law enforcement. We find it troubling that Velez continued to commit these crimes despite his participation in the court-supervised mental health diversion PAIR program.

[20] With respect to Velez's character, the record demonstrates that Velez suffers from an addiction to drugs. However, the record further demonstrates that, to-date, he has been unwilling to complete treatment that is aimed to help him overcome his addiction. Velez also has a substantial criminal history which dates back to when he was a juvenile. As a juvenile, he was found to be a delinquent for committing what would be the following crimes if committed by an adult: conversion, failure to stop at an accidence causing injury, operating a vehicle without ever receiving a license. Velez's adult criminal history includes numerous convictions for battery, resisting law enforcement, theft/receiving

stolen property, conversion, and possession of drug paraphernalia. Velez has also repeatedly violated the terms of prior placements on probation and in community corrections. Velez's criminal history indicates an unwillingness to conform his behavior to the rules of society. In light of the nature of Velez's offenses and his character, we conclude that Velez has failed to meet his burden of persuading us that his aggregate eight and one-half-year sentence is inappropriate.

# Conclusion

[21] In sum, we conclude that the trial court acted within its discretion in sentencing Velez and that Velez failed to meet his burden of proving that his aggregate eight and one-half-year sentence is inappropriate.

[22] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.