## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2017, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Moore,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 9, 2017<br><br>Court of Appeals Case No.<br>49A02-1610-CR-2371<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Mark D. Stoner, Judge<br><br>Trial Court Cause Nos.<br>49G06-1509-F4-32722<br>49G06-1509-F4-34263<br>49G06-1510-F4-37673 |

**Bradford, Judge.**

# Case Summary

[1] In this consolidated appeal, Appellant-Defendant Michael Moore challenges the sentence imposed by the trial court after Moore pled guilty to three counts of Level 4 felony burglary and to being a habitual offender. In challenging his sentence, Moore contends that the trial court abused its discretion by failing to find his guilty plea to be a significant mitigating factor. Finding no abuse of discretion by the trial court, we affirm.

# Facts and Procedural History

[2] This consolidated appeal follows from Moore's guilty plea to one count of Level 4 felony burglary under Cause Number 49G06-1510-F4-37673 ("Cause No. F4-37673"), one count of Level 4 felony burglary under Cause Number 49G06-1509-F4-34263 ("Cause No. F4-34263"), and one count of Level 4 felony burglary and to being a habitual offender under Cause Number 49G06-1509-F4-32722 ("Cause No. F4-32722").

## A. Facts Relating to Cause No. F4-37673

[3] In August of 2015, Timothy Shackelford lived in a home on Honen Drive North in Marion County. On August 11, 2015, law enforcement was dispatched to the 7500 block of Honen Drive North on a report of a burglary in progress. "A neighbor had stated that he had heard several loud noises coming from his neighbor's house, and when [he] went to look to see what was going on, he saw a black SUV parked in his neighbor's driveway and saw a black

African American male fleeing from the residence." Tr. p. 34. Upon arriving at the residence, law enforcement "immediately saw the front door had been kicked in" and "noticed a laptop and a flat screen on the floor." Tr. p. 34. When Shackelford arrived on the scene, he "said nothing was missing; however, the t.v. that was on the floor had previously been hanging on the wall prior to the burglary." Tr. p. 34. Law enforcement recovered a finger print from the television. Law enforcement later determined that the print belonged to Moore. Shackelford indicated that he did not know Moore and had not given him permission to be in his home. On October 23, 2015, Appellee-Plaintiff the State of Indiana ("the State") charged Moore with one count of Level 4 felony burglary.

## B. Facts Relating to Cause No. F4-34263

[4] In August of 2015, Carolyn Hampton lived in a home on Crooked Meadows Drive in Marion County. On August 27, 2015, officers with the Indianapolis Metro Police Department were dispatched to a burglary in progress at a residence located on Crooked Meadows Drive. "A neighbor in the area had called 911 due to seeing an unknown vehicle at a neighbor's house … and four African American males were loading items from the neighbor's house into the vehicle." Tr. p. 32.

[5] Upon arriving at the scene of the burglary, law enforcement officers "came into contact with" Hampton. Tr. p. 32. Hampton indicated that "her house had been completely ransacked and the front door [had been] kicked in." Tr. pp. 32-33. Hampton also indicated that several items were missing, including

"jewelry, a flat screen t.v., a laptop, and a Roku antennae." Tr. p. 33. Law enforcement recovered a finger print "from a black lid off a jewelry box" which Hampton informed law enforcement "had been moved during the burglary." Tr. p. 33. Law enforcement later determined that the print belonged to Moore. Hampton indicated that she did not know Moore and had not given him permission to be in her home.

[6] Law enforcement later questioned Moore about the print recovered from Hampton's home. Moore "could not explain why his fingerprints were located inside the residence." Tr. p. 33. On September 28, 2015, the State charged Moore with one count of Level 4 felony burglary.

## C. Facts Relating to Cause No. F4-32722

[7] In September of 2015, Karen Crawford lived in a home on Hickory Lake Drive in Marion County. On September 10, 2015, Moore, along with Deandre Lander and Carlissa Travis, broke and entered Crawford's residence with the intent to commit theft therein. On that date, Moore instructed Lander to drive to Crawford's residence to burglarize the home. Once the trio arrived at the residence, Moore kicked in the door and entered the residence, looking for items of value, specifically electronics. Moore ransacked the residence leaving "exterior doors left open and couch cushions and mattresses being moved around." Tr. p. 29. Travis served as the lookout and "ran to the car once the neighbors saw her standing outside the home." Tr. p. 29. Travis alerted Moore that "someone had seen her" after which Moore "ran to the car and told Lander to drive." Tr. p. 30. A short time later, the vehicle in which the three

were traveling was stopped by law enforcement. "The eye witness who had called 911 came to the scene where Moore and the others were stopped" and positively identified Moore "as the one he saw inside" Crawford's residence. Tr. p. 30. Crawford later told law enforcement that she did not know Moore and had not given him permission "to be in her home or ransack her home." Tr. p. 30.

[8] Moore subsequently admitted to participating in the burglary. On September 14, 2015, the State charged Moore with one count of Level 4 burglary. The State subsequently amended the charging information to include the allegation that Moore was a habitual offender. Specifically, the State alleged that Moore had previously been convicted of Class D felony criminal gang activity and Level 5 felony carrying a handgun with a prior felony conviction within the last fifteen years.

## D. Moore's Guilty Plea and Sentencing

[9] On July 28, 2016, Moore pled guilty under Cause Nos. F4-32722, F4-34263, and F4-37673 to three counts of Level 4 felony burglary and to being a habitual offender. The trial court accepted Moore's guilty pleas. The trial court conducted a sentencing hearing on September 22, 2016. During this hearing the trial court heard evidence that Moore suffers from schizophrenia. The trial court ultimately sentenced Moore to an aggregate term of thirty-two years, with three years executed in the Department of Correction, three years executed in

community corrections, and the remaining time suspended to probation.[1] The trial court indicated that as a condition of probation, Moore was to take any prescribed medications relating to his schizophrenia.[2]

# Discussion and Decision

[10] On appeal, Moore contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under

---

[1] Given Moore's status as a habitual offender, the six years executed represents the minimum required executed sentence.

[2] In crafting Moore's sentence, the trial court noted the significant amount of testimony indicating (1) that when taking his medication, Moore is a pleasant, law-abiding citizen and (2) that Moore's criminal behavior coincides with periods during which Moore failed to take his medication.

those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490-91.

[11]     In challenging his sentence, Moore claims that the trial court abused its discretion by failing to find his guilty plea to be a significant mitigating factor. The finding of mitigating factors is discretionary with the trial court. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993) (citing *Graham v. State*, 535 N.E.2d 1152, 1155 (Ind. 1989)). The trial court is not required to find the presence of mitigating factors. *Id.* (citing *Graham*, 535 N.E.2d at 1155). Further, the trial court is not required to weigh or credit the mitigating evidence the way appellant suggests it should be credited or weighed. *Id.* (citing *Hammons v. State*, 493 N.E.2d 1250, 1255 (Ind. 1986)). Likewise, if the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. *Id.* (citing *Hammons*, 493 N.E.2d at 1254-55).

[12]     Moore claims that the trial court abused its discretion by failing to find the fact that he pled guilty to be a mitigating factor at sentencing. "[A]lthough we have long held that a defendant who pleads guilty deserves 'some' mitigating weight to be given to the plea in return, a guilty plea may not be significantly mitigating when the defendant receives a substantial benefit in return or when

the defendant does not show acceptance of responsibility." *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007) (citations omitted).

[13]     In the instant matter, the record indicates that while Moore said that he took responsibility for his actions, he also placed blame for his actions on his co-defendants and his drug use. Specifically, Moore admitted to using drugs before at least one of the burglaries at issue in this case and stated that his drug use "makes [him] do bad things." Appellant's App. Vol. II, Confidential, pp. 138-39. In addition, when asked why he committed the burglaries, Moore said "I don't know. My co-defendants forced me to do it." Appellant's App. Vol. II, Confidential, pp. 139. Moore also indicated that he had suffered "just like" his victims had suffered and asserted that the "picture that y'all painted of me" by discussing the burglaries "is really false right now." Tr. p. 87.

[14]     The trial court gave a lengthy sentencing statement during which it stated the following:

> and again when I hear you saying that things like the co-defendants made me do it, the drugs made me do it, and all of that stuff, again makes me concerned whether or not you understand that, no, you made those choices. You choose your co-defendants. You choose your drugs. You choose to break into people's homes. Until you, again, accept the responsibility for it, you're just going to be back here.

Tr. p. 102. The trial court's statement indicates that while the trial court might not have specifically referenced the fact that Moore pled guilty, the trial court clearly considered whether Moore took responsibility for his actions.

The trial court's sentencing statement makes it clear that the trial court considered the sincerity of Moore's alleged remorse, noting that while Moore claimed to accept responsibility for his actions, he was, at least in part, blaming his conduct on other individuals and his drug use. We have previously concluded that the trial court "is in the best position to judge the sincerity of a defendant's remorseful statements." *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005) (providing that while the defendant did indicate that he was very sorry for what he did, the trial court was in the best position to judge the sincerity of defendant's remorseful statements). We will not disturb the trial court's apparent determination that Moore's acceptance of responsibility was not sincere.

Furthermore, we have previously held that a guilty plea does not amount to a significant mitigating factor "where the evidence against [the defendant] is such that the decision to plead guilty is merely a pragmatic one." *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (citing *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999)), *trans. denied*. The facts in this case demonstrate that finger prints connected Moore to two of the three burglaries and Moore admitted to participating in the third. As such, we conclude that the facts are such that would suggest that Moore's decision to plead guilty was merely a pragmatic one.

In sum, we conclude that Moore has failed to demonstrate that his guilty plea warranted significant mitigating weight. Accordingly, we also conclude that

the trial court did not abuse its discretion by failing to find Moore's guilty plea to be a significant mitigating factor.

[18] The judgment of the trial court is affirmed.

Brown, J., and Pyle, J., concur.