## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT
Michael P. Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dennis D. Patterson, III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 18, 2018

Court of Appeals Case No.
18A05-1705-CR-948

Appeal from the Delaware Circuit Court

The Honorable Marianne Vorhees, Judge

Trial Court Cause No.
18C01-1612-F1-7

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Dennis D. Patterson, III was charged with and convicted of Level 5 felony battery resulting in serious bodily injury after he repeatedly punched his friend K.M. in the face, causing her to lose consciousness. The trial court subsequently sentenced Patterson to a four-year term of incarceration. On appeal, Patterson contends that the trial court abused its discretion in sentencing him. Concluding otherwise, we affirm.

# Facts and Procedural History

[2] During the early part of December of 2016, Patterson and K.M. became friends via Facebook. On Saturday, December 10, 2016, K.M. visited Patterson's home. Once at Patterson's home, K.M. and Patterson talked and drank alcoholic beverages. At some point, they walked to a nearby Village Pantry where Patterson purchased himself cigarillos and a pack of cigarettes for K.M. After returning to Patterson's home, Patterson and K.M. talked, drank more alcoholic beverages, and listed to music. Later that evening, Patterson and K.M. walked to Friendly's Package Liquor Store and bought a fifth of vodka.

[3] At some point either late Saturday night or early Sunday morning, Patterson asked K.M. "can I have your p[****]." Trial Tr. Vol. II, p. 66. K.M. told Patterson "[n]o […] [y]ou know I have a boyfriend[.]" Trial Tr. Vol. II, p. 66. After K.M. refused his advance, Patterson "was fine" and "didn't say anything else." Trial Tr. Vol. II, p. 66. However, about ten minutes later, Patterson

"asked [K.M.] again." Tr. Vol. II, p. 66. K.M. again responded "no[.]" Trial Tr. Vol. II, p. 66. At this point it was "just like something in [Patterson] snapped, and he just went crazy." Trial Tr. Vol. II, p. 66.

[4] Patterson started hitting K.M. on her back. When K.M. tried to scream, Patterson "hit [her] with his fist" on the left side of her face. Trial Tr. Vol. II, p. 66. Patterson repeatedly punched K.M. in the face. At some point, K.M. lost consciousness. K.M. regained consciousness at approximately 4:00 a.m. on Sunday morning and "ran out [of Patterson's home] as fast as [she] could." Trial Tr. Vol. II, p. 69. As a result of Patterson's actions, K.M. suffered redness and swelling on the left side of her face.

[5] On December 15, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Patterson with a number of charges, including Level 5 felony battery resulting in serious bodily injury. The case proceeded to a two-day jury trial on February 27 and 28, 2017. Following trial, the jury found Patterson guilty of Level 5 felony battery resulting in serious bodily injury.[1] On April 3, 2017, the trial court sentenced Patterson to a four-year term of incarceration. This appeal follows.

# Discussion and Decision

---

[1] The jury either found Patterson not guilty of or was unable to reach a unanimous verdict on the other charged offenses.

[6] Patterson contends that the trial court abused its discretion in sentencing him to a four-year term of incarceration. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490-91. A single aggravating factor may support an enhanced sentence. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993).

[7] In sentencing Patterson, the trial court found the following aggravating factors: (1) Patterson's criminal history, (2) the fact that Patterson was on probation at the time he committed the battery upon K.M., and (3) Patterson "has had prior opportunities for rehabilitation and did not take advantage." Appellant's App.

Vol. III–Confidential, p. 84. Patterson does not argue on appeal that the aggravating factors found by the trial court are not supported by the record. Rather, he claims that the trial court abused its discretion by failing to assign appropriate weight to or find certain mitigating factors, including: (1) certain alleged mental health issues, (2) he accepted responsibility for his actions, and (3) the hardship that incarceration would place on his dependents.

[8] Although a sentencing court must consider all evidence of mitigating factors offered by a defendant, the finding of mitigating factors rests within the court's discretion. *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002). A trial court is neither required to find the presence of mitigating factors, *Fugate*, 608 N.E.2d at 1374 (citing *Graham v. State*, 535 N.E.2d 1152, 1155 (Ind. 1989)), nor obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001) (citing *Birdsong v. State*, 685 N.E.2d 42, 47 (Ind. 1997)). "A court does not err in failing to find mitigation when a mitigation claim is highly disputable in nature, weight, or significance." *Henderson*, 769 N.E.2d at 179 (internal quotations omitted). Furthermore, while Indiana law mandates that the trial judge not ignore facts in the record that would mitigate an offense, and a failure to find mitigating factors that are clearly supported by the record may imply that the trial court failed to properly consider them, *id.*, an allegation that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999).

# A. Alleged Mental Health Issues

[9] Patterson asserts that the trial court abused its discretion by failing to "take into consideration his mental health or lack of anger management." Appellant's Br. p. 15. In sentencing Patterson, the trial court acknowledged this proffered mitigating factor. The trial court, however, declined to find this factor "without medical documentation" indicating that Patterson suffered from a diagnosed mental health issue or some indication that Patterson's alleged mental health condition had "some relationship" to the crime at issue. Appellant's App. Vol. III–Confidential, p. 85.

[10] > Our supreme court has identified four factors "that bear on the weight, if any, that should be given to mental illness in sentencing." *Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998) (citing *Archer v. State*, 689 N.E.2d 678, 685 (Ind. 1997)). Those factors are: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Id*.

*Ankney v. State*, 825 N.E.2d 965, 973 (Ind. Ct. App. 2005).

[11] Patterson claimed that he was diagnosed with schizoaffective disorder in 2009.[2] Patterson, however, failed to provide any argument or evidence which would

---

[2] While Patterson failed to provide any documentation reflecting this diagnosis, the Pre-Sentence Investigation Report ("PSI") filed in connection with this case noted that "According to a PSI in [another unrelated case], a psychiatric evaluation was completed by Craig Buckles, M.D. on May 8, 2009. The

suggest that he was unable to control his behavior or that there was a nexus between his alleged disorder and the commission of the crime. Given that the record does not establish that Patterson's alleged disorder rendered him unable to control his behavior or that there was a nexus between this alleged disorder and the crime at issue, we cannot say that the trial court abused its discretion by failing to find Patterson's alleged mental health disorder to be a mitigating factor.

## B.  Acceptance of Responsibility

[12]  Patterson next asserts that while the trial court found his acceptance of responsibility for his actions to be a mitigating factor, the trial court nonetheless abused its discretion by failing to assign this factor proper mitigating weight. The Indiana Supreme Court has held that "[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence … a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." *Anglemyer*, 868 N.E.2d at 491; *see also Benefield v. State*, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009) (providing that the relative weight or value assignable to aggravating and mitigating factors is not subject to review for abuse of discretion), *trans. denied*. Patterson's challenge in this regard is therefore without merit.

---

defendant was diagnosed with schizoaffective disorder with auditory hallucinations and depressed mood." Appellant's App. Vol. III–Confidential, p. 60.

## C. Hardship on Dependents

[13] Patterson last asserts that the trial court abused its discretion by failing to find the fact that his incarceration would create a hardship on his dependents to be a mitigating factor. In making this assertion, Patterson claimed that he "has a [seventeen] year old son and several younger children that he needs to help raise and to help out with financially." Appellant's Br. p. 16. The record reveals that the trial court specifically rejected this proffered mitigating factor, stating that it "gives this factor no weight, as Defendant had these obligations [to his children] and committed this crime knowing he had these obligations." Appellant's App. Vol. III–Confidential, p. 85.

[14] "[A] trial court is not required to find that a defendant's incarceration would result in undue hardship on [his] dependents." *Benefield*, 904 N.E.2d at 247; *see also Gray v. State*, 790 N.E.2d 174, 178 (Ind. Ct. App. 2003). "Many persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999).

[15] Patterson has presented no evidence or argument explaining what circumstances are present in this case such to warrant a finding of undue hardship on Patterson's dependents. Patterson merely argued that he wanted to be a role model for his seventeen-year-old son and to provide financially for his son and other children. Upon review of the record before us on appeal, we cannot say that the trial court abused its discretion in rejecting this proffered mitigating factor.

# Conclusion

[16] In sum, we conclude that the trial court did not abuse its discretion in sentencing Patterson to a four-year term of incarceration.

[17] The judgment of the trial court is therefore affirmed.

Robb, J., and Crone, J., concur.