**Jimmy Dale DUVALL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 23S00–8807–CR–00650

Supreme Court of Indiana.

June 23, 1989.

James R. Fleming, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Jimmy Dale Duvall was charged in the Howard Circuit Court with the crimes of Attempted Rape, a Class A felony, Attempted Criminal Deviate Conduct, a Class A felony, and Confinement, a Class B felony. Following the impanelling of a jury and opening statements by counsel, Duvall changed his plea to guilty to Count I of Attempted Rape, a Class A felony when committed while armed with a deadly weapon, in this case, a knife. At the sentencing hearing, the trial judge added fifteen (15) years to Duvall's presumptive term of thirty (30) years for a total of forty-five (45) years.

On appeal, Duvall claims the trial court abused its discretion by enhancing his sentence for a Class A felony from thirty to forty-five years.

The victim, M.B., was eleven (11) years old at the time of this incident. Duvall posed as a police officer to gain the confidence of M.B. and, after getting her in his automobile, detained her there for a period of three and one-half (3½) hours. He used a knife to threaten her and induce her to do what he wished. He admitted he tried to have sexual intercourse with her. He also inflicted cuts on her throat, stomach, and wrists. The record of the guilty plea hearing revealed that Duvall had committed similar acts in September, 1986, four months prior to the present incident, was convicted of the crime of confinement and was placed on probation. He was still on probation for the confinement conviction at the time he committed the attempted rape in the instant cause.

In pronouncing sentence, the trial court made the following statement:

The Court does find as a mitigating factor that the Defendant has pled guilty and that he has had a history of behavior disorders; however, in Howard Circuit Court 6850, we had a very similar offense and, Jimmy, at that time you came in, you told me, "I'm getting counselling, I'm being helped, this will never happen again." Your family, your mother if I remember right, came in. There were various people, and "Judge, this is never going to happen again. I've learned my lesson. I'm going to get help; you know, I'm twenty-three, twenty-four years old" at that point and this is going to be all right and what happens? I take your word, I take the psychologist's word, I take the recommendations and I let you out on probation and you turn around and you commit the same type offense, only worse, on an eleven year old girl. Now there's just no excuse for that and I find no mitigating factor whatsoever for this offense. Now there's just no excuse to it. You had your opportunity. I find that the fact, the age of the girl, that you were on probation at the time that you committed the offense and the very nature of the offense itself is so heinous that all aggravating factors totally outweigh any possible mitigating factors in this case. The serious[ness] of the crime cannot be outweighed. I

would concur with Dr. Bowman that you probably need psychological assistance; however, the needs of society, the heinousness of this offense would indicate that the only proper place for you is the Indiana Department of Corrections and this Court now sentences you to the Indiana Department of Corrections for a term of forty-five years, and you're to be given credit for three hundred and eighty-six days having been served in the Howard County Jail.

*Record* at 270–71.

■ The determination of the sentence to be given to a particular defendant is within the discretion of the trial court and will be reversed only upon a showing of manifest abuse of that discretion. *Parrish v. State* (1987), Ind., 515 N.E.2d 516, 521–22. The trial court need list only one aggravating factor to support an enhanced sentence. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071, 1072. An enhanced sentence can be imposed when the only aggravating circumstance is a prior criminal history. *Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274, 1278. The young age of the victim also is a proper factor to consider in enhancing a sentence. *Parrish, supra; Maynard v. State* (1987), Ind., 513 N.E.2d 641, 648. Both of these factors were present in Duvall's offense as well as the fact that he was in violation of his conditions of probation for conviction of a prior similar offense.

Duvall argues the trial court did not clearly identify aggravating circumstances, specifically noting the factors named by the trial judge are not among those listed in the statute. Defendant further argues the trial court did not state why he considered the circumstances aggravating or mitigating. He cites *Henderson v. State* (1986), Ind., 489 N.E.2d 68, 71, which requires the sentencing judge to identify all the significant mitigating and aggravating circumstances, state the specific reason why each circumstance is considered to be mitigating or aggravating, and evaluate and balance the mitigating circumstances against the aggravating ones.

This Court also stated in *Henderson:*

When the record indicates that the trial judge engaged in the evaluative processes but simply did not sufficiently articulate his reasons for enhancing sentence and the record indicates that the sentence imposed was not manifestly unreasonable, then the purposes underlying the specificity requirement have been satisfied.

*Id.* at 72.

■ Here, the trial judge did state what facts he considered to be mitigating and those he considered to be aggravating. He also stated he considered the presentencing report. His explanation demonstrates he engaged in a balancing of aggravating and mitigating circumstances and decided "all aggravating factors totally outweigh any possible mitigating factors in this case." In addition, the trial court found this was a heinous crime, Duvall had already been given an opportunity of probation, and he is in need of psychiatric treatment; all of these are reasons demonstrating a need to imprison him. All of the aggravating circumstances referred to by the trial court were supported by the evidence. The factors given by the trial court were sufficiently articulated to inform Duvall of the reason for his forty-five year sentence and are adequate for our review pursuant to Ind. R. App. R. Sen. 2. We do not find said sentence to be manifestly unreasonable.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.