Dale R. FUGATE, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–9111–CR–912.

Supreme Court of Indiana.

Feb. 12, 1993.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

Appellant was tried by jury and convicted of Murder and Attempted Murder, a Class A Felony. The trial court sentenced appellant to sixty (60) years for murder, and forty (40) years for attempted murder, the sentences to run consecutively.

The facts are: On May 25, 1990, James Ison and Donnie Appel met appellant at the home of Cindy Cartwright to purchase some marijuana. The three of them discussed the price of the marijuana. At one point, appellant left the room and returned with a gun. Appellant pointed the gun at the two men and indicated that he was going to shoot them and repeatedly fired at Ison and Appel as they fled. Ison was wounded in his arm and back. Appel was fatally wounded. The autopsy revealed the cause of death was a gunshot wound to the back.

Appellant left the scene after the shootings and ran toward a parked car occupied by James Craig. Appellant entered the car and asked to be driven out of the area. Appellant told Craig that he had shot two people. After they left the area, appellant told Craig not to "rat" on him.

Appellant argues that he received ineffective assistance of counsel at trial and cites several instances which he alleges support his contention.

■ In order to succeed on a claim of ineffective assistance of counsel, an appellant must show that: 1) his counsel's performance fell below an objective standard of reasonableness; and 2) but for counsel's deficient performance the result of the proceedings would have been different. *Olson v. State* (1990), Ind., 563 N.E.2d 565. There is a presumption that counsel is competent, which must be rebutted by strong and convincing evidence in order to succeed

on this claim. *McCollum v. State* (1991), Ind., 582 N.E.2d 804.

■ The first instance of alleged ineffective assistance of counsel involves defense counsel's questioning of State's witness Ison. Appellant alleges that his trial counsel was unprepared to impeach Ison's credibility. During the defendant's case-in-chief, defense counsel advised the trial court that he intended to call Ison and Minor as witnesses. He stated that he just recently had reviewed a statement Ison made to Officer Minor which included statements inconsistent with Ison's testimony during the State's case-in-chief. The State objected to this on the ground that the impeachment should have occurred during cross-examination. Defense counsel elected to bring in the inconsistency via the testimony of Officer Minor due to the questionable availability of Ison.

We have held that the methods employed by counsel to impeach a witness are considered trial tactics which we will not review. *Olson, supra.* The inconsistencies in Ison's testimony were ultimately presented to the jury. While it might have been more logical to accomplish this through cross-examination of Ison, the discrepancies were disclosed to the jury. Appellant has not shown how he was prejudiced by the conduct of counsel in this area.

■ The second alleged instance of ineffectiveness of counsel involves the failure of trial counsel to conduct a pretrial interview of witness Elizabeth Supple. Supple testified on direct examination by appellant that she lived on the same street as Cartwright. On May 23, 1990, two days prior to the shooting in this case, she saw a man standing in the doorway of the Cartwright residence shooting at people standing in the driveway.

During cross-examination, the State elicited testimony from Supple to the effect that the man who fired the shots from the Cartwright residence on that day was the man who lived in the house. Supple could not identify him in court. On direct examination, appellant testified that Appel had been present at the Cartwright residence

two days prior to the instant shooting. Further, appellant testified that someone told him that guns had been fired at the Cartwright residence on May 23. Appellant claims that the manner in which his trial counsel handled the examination of this witness amounted to ineffective assistance of counsel and damaged his defense.

■ We have held that an unsuccessful defense strategy does not always indicate that the strategy was a poor one, nor does it indicate ineffectiveness of counsel. *Schiro v. State*, Ind., 533 N.E.2d 1201, *cert. denied* (1989), 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218. Further, we will not speculate about more advantageous strategies which could have been employed by trial counsel. *Id.* Apparently trial counsel attempted to show that Appel was a dangerous person and that appellant acted in self-defense. In any event, appellant's trial counsel's strategy was unsuccessful, but this does not mean his conduct as counsel was ineffective.

■ Appellant also claims that his trial counsel was ineffective by failing to subpoena a witness, Bobby Weir, to testify during surrebuttal. Appellant claims that his defense was harmed by the fact that the jury was left to consider uncontradicted testimony.

Appellant testified on direct examination that Ison had failed to pay for marijuana he had obtained from Cartwright. On May 25, appellant claims he asked Ison to leave when he arrived at the Cartwright residence, which Ison refused to do. Subsequently, appellant and Ison began to struggle.

During the State's cross-examination, appellant testified that Charles Christian was at the Cartwright residence on May 25. Appellant denied that he told Christian that he had planned to have someone come to the residence on the pretense of buying marijuana so that he could rob them. On rebuttal, Christian testified that he had a conversation with appellant on May 25 and that appellant told Christian, Weir and Cartwright to leave the Cartwright residence at 4:00 p.m. Appellant called Tommy Cameron and offered to sell marijuana which he did not have. Cameron had previously obtained marijuana from Cartwright without paying for it. Christian testified that appellant planned to lure Cameron over to Cartwright's house in order to rob him.

After Christian testified, appellant's trial counsel moved for a continuance to obtain "compulsory process" for Weir. The trial court denied the motion. We have held that trial counsel's decision on what witnesses to call is a matter of trial strategy which we will not second-guess. *Hunter v. State* (1991), Ind., 578 N.E.2d 353. Moreover, appellant has failed to provide an affidavit showing the substance of Weir's testimony. Without this, we have no basis upon which to judge appellant's trial counsel's performance. *Id.* Appellant has failed to establish that his counsel was ineffective.

■ Appellant argues that his trial counsel was ineffective because he failed to obtain appellant's psychiatric reports for admission in evidence at appellant's sentencing hearing. Appellant's trial counsel informed the trial court that appellant's mental illness should be considered as a mitigating factor. During the sentencing hearing, appellant testified that he had attempted to commit suicide in April of 1990. Appellant stated that he had been hospitalized due to the suicide attempt, and following his release, he had been treated by a physician on one occasion.

Appellant's trial counsel moved for a continuance of the sentencing hearing in order to obtain psychiatric reports appellant claimed existed. Appellant's trial counsel had unsuccessfully attempted to obtain those documents. The trial court denied the motion for continuance, and stated that it would be interested in information regarding any psychiatric treatment appellant might have received.

We cannot say that trial counsel was ineffective by his failure to obtain the psychiatric reports for the sentencing hearing. The trial court was made aware of appellant's suicide attempts and any counseling he might have received by way of informa-

tion contained in the presentence report, which was provided by appellant, and by appellant's own testimony when questioned at the sentencing hearing by the trial court. Appellant has failed to show that had the report been introduced at the sentencing hearing the information available to the trial judge would have been any different. *See, Lawrence v. State* (1984), Ind., 464 N.E.2d 1291.

■ Appellant claims the trial court abused its discretion by the manner in which appellant was sentenced. Based upon the information before it, the trial court found that appellant had an extensive record of arrests and convictions dating back to juvenile court and continuing on as an adult. The court further observed that these various convictions and incarcerations apparently had no effect on appellant's behavior. The trial court also found that appellant had two prior probation revocations. The court found that appellant was in need of corrective or rehabilitative treatment. The trial court also found that appellant had a propensity to commit violent crimes which likely would be repeated.

■ Appellant claims the trial court erred when it failed to consider evidence of appellant's substance abuse and mental illness as mitigating factors. The determination of a sentence to be given to the defendant is within the discretion of the trial court. *Duvall v. State* (1989), Ind., 540 N.E.2d 34. Upon review, we will reverse the trial court only if there has been a manifest abuse of discretion. *Id.* The trial court may increase or decrease a basic sentence for a crime at its discretion depending upon the aggravating or mitigating circumstances present. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, *cert. denied* (1985), 474 U.S. 834, 106 S.Ct. 106, 88 L.Ed.2d 86. The trial court need list only one aggravating circumstance to support an enhanced sentence. *Duvall, supra.* An enhanced sentence, such as the one in the case at bar, can be imposed when the only aggravating circumstance is a prior criminal history. *Id.*

■ The finding of mitigating factors is discretionary with the trial court.

*Graham v. State* (1989), Ind., 535 N.E.2d 1152. The trial court is not required to find the presence of mitigating factors. *Id.* If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250. Further, the trial court is not required to weigh or credit the mitigating evidence the way appellant suggests it should be credited or weighed. *Id.* We find no error in the sentencing of appellant.

■ Appellant's final argument is that there is insufficient evidence to support his convictions for Murder and Attempted Murder. Upon review of this issue, we will neither reweigh the evidence, nor judge the credibility of witnesses. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280. We will consider the evidence and reasonable inferences therefrom which support the verdict. *Id.* The conviction will be affirmed if there is evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Id.*

In the present case, the record shows that Ison and Appel met appellant at Cartwright's residence where they discussed the purchase of marijuana. When appellant left the room and returned with a gun, Ison and Appel fled. Appellant repeatedly fired the gun at Ison and Appel, fatally wounding Appel and wounding Ison in the arm and back.

Ison's testimony was corroborated by other evidence including the testimony of Craig and Warren McPike. McPike testified that he heard gunshots and saw two men fleeing from a residence on the evening in question. Craig testified that appellant entered the car occupied by Craig, requested to be driven from the area, informed Craig that he had shot two people, and told Craig not to "rat" on him.

We conclude that there is ample evidence in the record to support appellant's convictions for Murder and Attempted Murder. *See Didio v. State* (1984), Ind., 471 N.E.2d

1117; *McBrady v. State* (1984), Ind., 459 N.E.2d 719.

The trial court is affirmed.

SHEPARD, C.J., DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result.