Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED
Nov 30 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANNY G. YOUNG, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1205-CR-229 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1112-FC-1549

**November 30, 2012**

**OPINION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Pursuant to a plea agreement, Danny Young ("Young"), pleaded guilty to Class C felony forgery, Class D felony receiving stolen property, and Class D felony fraud. He was sentenced to concurrent sentences of six years for forgery, two years for receiving stolen property, and two years for fraud. Young argues that the trial court abused its discretion by failing to consider his proposed mitigating circumstance in its sentencing statement.

We affirm.

**Facts and Procedural History**

On March 22, 2012, Young pleaded guilty pursuant to a plea agreement to Class C forgery for writing checks that belonged to JD Byrider without authorization and then attempting to cash them at Old National Bank. He also pleaded guilty to Class D felony receiving stolen property for having checks that he knew were stolen from JD Byrider. Lastly, he pleaded guilty to Class D felony fraud for using an ATM card belonging to JD Byrider without authorization and knowing that the card had been unlawfully obtained.

The plea agreement provided that his sentence would not exceed six years and that the State would dismiss the habitual offender enhancement count. The trial court accepted the agreement.

At the sentencing hearing on April 16, 2012, Young requested that the trial court place him in a drug program and told the trial court that he had been diagnosed with paranoid schizophrenia but was off of his medication at the time of the offenses. Young also told the court, "[I]f I had been on my medication and not on the methamphetamines I wouldn't of [sic] done this[.]" Tr. p. 16.

Young was sentenced to concurrent sentences of six years for forgery, two years for receiving stolen property, and two years for fraud. He now appeals.

**Discussion and Decision**

Young argues that the trial court abused its discretion in its sentencing decision by failing to address a mitigating circumstance. We review sentencing decisions "only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" Id. (quoting K.S. v. State, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its discretion "by (1) issuing an inadequate sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, or (4) by finding factors that are improper as a matter of law." Phelps v. State, 969 N.E.2d 1009, 1019 (Ind. Ct. App. 2012), trans. denied.

Young argues that the trial court abused its discretion by failing to consider, as a mitigating factor, that he was off of his prescribed anti-psychotic medication at the time he committed the offenses. Tr. p. 17. If a trial court does not find a mitigating factor after it is argued by counsel, "'the trial court is not obligated to explain why it has found that the factor does not exist.'" See Anglemyer, 868 N.E.2d at 493 (quoting Fugate v. State, 608 N.E.2d 1370, 1374 (Ind. 1993)). The trial court did consider Young's mental health history a mitigator. By finding his mental health history as a mitigator but not

3

delineating his failure to take his medication as a separate, significant mitigating circumstance, we conclude the trial court did not find it a separate mitigating factor. See id. (holding that the trial court did not overlook Anglemeyer's mental illness, but rather had "determined it was not significant and thus would not be a factor influencing the trial court's sentencing decision").

If a defendant alleges that trial court failed to find a mitigating factor, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. Id. In the record, the only evidence that Young had not taken his medication was Young's assertion that if he had been taking his psychotropic medication as prescribed, rather than illegal methamphetamine, he would not have committed the offenses. Therefore, he claims, it was an abuse of discretion for the trial court to omit this from consideration as a separate mitigator. His mental illnesses, bipolar disorder and paranoid schizophrenia, were considered by the trial court as a mitigating factor, and while those mental illnesses are a significant mitigating factor, we conclude that Young has not established that his voluntary decompensation, by itself, is not a separate, mitigating factor.

Here, the trial court found Young's criminal history "very significant." Tr. p. 18. The trial court noted his mental health history and drug problem but said Young had "too many felonies" to be put on any of the court's programs. Id. For all these reasons, we conclude that even if the trial court had considered Young's failure to take his medication as a separate mitigator, it would not have imposed a lesser sentence. Thus, we hold that the trial court did not abuse its discretion in its sentencing decision.

4

Affirmed.

VAIDIK, J., and BARNES, J., concur.