## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2016, 10:17 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Darryl Dewitte Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 15, 2016

Court of Appeals Case No.
71A05-1506-CR-782

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause Nos.
71D01-1409-FC-136 and
71D01-1409-FC-137

**Najam, Judge.**

# Statement of the Case

Darryl Dewitte Williams appeals his conviction and sentence for operating a motor vehicle while privileges were forfeited for life, a Class C felony. Williams raises two issues for our review, which we restate as follows:

1. Whether the State presented sufficient evidence to support Williams' conviction.

2. Whether the trial court abused its discretion when it did not identify Williams' proffered mitigating factors as significant when the court sentenced him.

We affirm.

# Facts and Procedural History

On March 10, 2014, Indiana State Police Trooper Benjamin Werner initiated a traffic stop of a speeding vehicle in South Bend. Upon pulling the vehicle over, the driver, Williams, immediately exited the vehicle. Trooper Werner ordered Williams back into the vehicle, and Williams complied. Trooper Werner then approached Williams and asked him why he had exited the vehicle. Williams responded that "he had to go to the bathroom." Tr. at 18. Trooper Werner processed Williams' driving information and learned that Williams' driving privileges had previously been suspended for life. When Trooper Werner approached Williams with this information, Williams stated that "he was driving because his wife[, Stephanie,] didn't feel good." *Id.* at 23-24. Trooper Werner, who is trained to determine whether someone is in medical distress,

observed Stephanie in the vehicle and observed that she "seemed fine." *Id.* at 24. And Stephanie did not bring herself to Trooper Werner's attention during the traffic stop.

[4] During the stop, Roseland Police Department Officer Tim Witham arrived to assist Trooper Werner. While Trooper Werner and Williams were talking, Officer Witham spoke to Stephanie. Officer Witham observed that Stephanie had demonstrated no medical distress "whatsoever," and Stephanie did not inform Officer Witham of any medical issues. *Id.* at 30, 32.

[5] On April 2, Williams again operated a motor vehicle while his privileges were suspended for life. When two officers initiated a traffic stop, Williams attempted to flee. And when those officers were arresting Williams, he forcibly resisted them.

[6] Thereafter, the State filed two informations against Williams. Under Cause Number 71D01-1409-FC-136 ("FC-136"), the State alleged Williams operated a motor vehicle while privileges were suspended for life, a Class C felony, and twice resisted law enforcement, as Class A misdemeanors, for his conduct on April 2, 2014. Under Cause Number 71D01-1409-FC-137 ("FC-137"), the State alleged Williams operated a motor vehicle while privileges were suspended for life, a Class C felony, for his conduct on March 10, 2014.

[7] Williams pleaded guilty as charged in Cause Number FC-136 and had a bench trial on the State's charge against him in Cause Number FC-137. At trial, Williams and Stephanie testified that Stephanie had been driving the vehicle on

March 10, but she had an asthma attack while driving. In light of that medical condition, Williams took over operation of the vehicle. He had driven the vehicle for six or seven minutes before he was pulled over by Trooper Werner. At the conclusion of the bench trial, the court found Williams guilty as charged in FC-137.

[8] The court then held a consolidated sentencing hearing. At that hearing, Williams asserted that the following were mitigating factors: he had been helping his elderly mother "around her house"; he had been helping his wife through asthma and surgery on a torn rotator cuff; he had been trying to live responsibly; and he had pleaded guilty to the offenses in FC-136. *Id.* at 103. In light of those mitigators, Williams requested his sentence be suspended to home detention. In response, the court stated:

> I can't do what you're asking, in terms of home detention. I can do community corrections, and you can work your way to home detention. But . . . at some point too much is too much. You have a terrible criminal history. . . . Of late, it's been driving, but it has been . . . a war between you and the law. You do what you want to do, it seems like, and you have ten misdemeanors, five felonies. A lot of those have been driving in the recent years . . . .

*Id.* at 105-06. The court then ordered Williams to serve an aggregate term of four years in the St. Joseph County Community Corrections Center on work release. This consolidated appeal ensued.

# Discussion and Decision

## *Issue One: Sufficiency of the Evidence in FC-137*

Williams first asserts that his conviction in FC-137 must be reversed because he established an affirmative defense during his bench trial. Whether Williams established his affirmative defense "is . . . essentially a challenge to the sufficiency of the evidence." *Cain v. State*, 844 N.E.2d 1063, 1066 (Ind. Ct. App. 2006).

> Our standard of review of such a challenge is well-settled. We consider the evidence most favorable to the [judgment], along with all reasonable inferences to be drawn therefrom, in order to determine whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. We neither reweigh the evidence nor judge the credibility of the witnesses. If there is substantial evidence of probative value supporting each element of the crime, we will not disturb the conviction.

*Id.* (internal citations omitted).

We first observe that Williams explicitly concedes that the State presented sufficient evidence to demonstrate that Williams committed the offense of operating a vehicle while privileges are suspended for life. Appellant's Br. at 12. Instead of challenging the State's case, Williams asserts that he presented sufficient evidence to establish an affirmative defense. In particular, Williams relies on Indiana Code Section 9-30-10-18 (2012), which states: "In a criminal action brought under section . . . 17 . . . of this chapter, it is a defense that the

operation of a motor vehicle . . . was necessary to save life or limb in an extreme emergency."

[11] Williams' argument on appeal ignores our standard of review. Williams insists that this court credit his and Stephanie's testimony regarding her alleged asthma attack and disregard the evidence most favorable to the trial court's judgment. We will not do so. The trier of fact was free to not credit Williams or Stephanie in the first instance, and we will not reweigh their testimony on appeal. And, in any event, both Trooper Werner and Officer Witham testified that, at the time of the traffic stop, Stephanie did not appear to have any medical issues and did not inform them of any medical issues. Indeed, immediately after Trooper Werner had initiated the traffic stop, Williams stated that he had to go to the bathroom; Williams did not inform Trooper Werner of any emergency circumstances. We will not reweigh the evidence most favorable to the trial court's rejection of Williams' affirmative defense on appeal, and we affirm his conviction in Cause Number FC-137.

### *Issue Two: Sentencing*

[12] Williams next asserts that the trial court abused its discretion when it did not identify his proffered mitigating circumstances as significant during sentencing. As our supreme court has made clear:

> sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. . . . An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances

before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007) ("*Anglemyer I*") (internal quotation marks and citations omitted), *clarified on reh'g*, 875 N.E.2d 218 ("*Anglemyer II*"). "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* at 493. "However, 'If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist.'" *Id.* (quoting *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993)).

[13] Williams' arguments on appeal largely rehash the statements he made to the trial court. In particular, Williams again asserts that he helps his elderly mother and his wife and that he has been trying to live a responsible life. But Williams

does not support those statements by showing how the proffered mitigators, either alone or together, were significant and clearly supported by the record. *See id.* Accordingly, we reject those arguments on appeal.

[14] We separately address Williams' contention that the trial court abused its discretion when it failed to identify his guilty plea in Cause Number FC-136 as a mitigating circumstance. Our supreme court has held that "a defendant who pleads guilty deserves 'some' mitigating weight be given to the plea in return." *Anglemyer II*, 875 N.E.2d at 220 (quoting *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007). But this does not obviate the appellant's burden to show that guilty plea was "significant." *Id.* "For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility," *id.*, "or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one," *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*.

[15] Here, Williams contends that he must be entitled to mitigating weight simply by virtue of having pleaded guilty in Cause Number FC-136. But the above authorities make clear that a guilty plea is not automatically a significant mitigating circumstance. And Williams makes no argument on appeal to show that his guilty plea was "significantly mitigating." *Anglemyer II*, 875 N.E.2d at 220. Accordingly, we affirm Williams' sentence.

[16] Affirmed.

Riley, J., and May, J., concur.