## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 30 2018, 10:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert L. Kirby,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 30, 2018

Court of Appeals Case No.
18A-CR-342

Appeal from the Madison Circuit Court

The Honorable Angela G. Warner Sims, Judge

Trial Court Cause No.
48C01-1612-CM-2466

**Bradford, Judge.**

# Case Summary

[1] Robert L. Kirby was sentenced to a 365-day term of incarceration after he was found guilty of Class A misdemeanor domestic battery. In challenging his sentence on appeal, Kirby contends both that the trial court abused its discretion in sentencing him and that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] At approximately 10:00 p.m. on April 25, 2016, Anderson Police Officer Shad Grille responded to a reported domestic battery at the home of Gary Stanley. Upon arriving at the home, Officer Grille found Amber Smith, Kirby's on-again-off-again girlfriend, lying on the floor with swelling and bruising on her face. Smith complained of "pain to her face and head." Tr. p. 79.

[3] Officer Grille observed that Smith appeared to be intoxicated. Smith admitted that she and Kirby had been drinking together at their home. An argument ensued after Smith "refused to have sex" with Kirby. Tr. p. 97. Smith took Kirby's bicycle and a few beers from the couple's refrigerator and fled the residence. She then made her way to Stanley's home. Kirby followed Smith. After arriving at Stanley's home, Kirby walk up to Smith and grabbed and pushed her before fleeing the scene.

[4] The State charged Kirby with Class A misdemeanor domestic battery. Following trial, the jury found Kirby guilty as charged. On January 16, 2018, the trial court sentenced Kirby to a term of 365 days.

# Discussion and Decision

Kirby raises two challenges to his sentence on appeal. First, he contends that the trial court abused its discretion by finding his criminal history to be an aggravating factor. Next, he contends that his 365-day sentence is inappropriate. We disagree with both contentions.

## I. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490-91. A single aggravating factor may support an enhanced sentence. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993).

[7]     Indiana Code section 35-38-1-7.1(a)(2) provides that in determining what sentence to impose, a trial court may consider the fact that the person "has a history of criminal or delinquent behavior." The trial court found Kirby's criminal history to be "lengthy." Tr. p. 203. Kirby's criminal history consists of six misdemeanor convictions and three federal felony convictions. We cannot say that the trial court abused its discretion by referring to a criminal history consisting of nine convictions as lengthy. Further, to the extent that Kirby asserts that the trial court placed too much weight on this factor, "a trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence … [and] cannot now be said to have abused its discretion in failing to 'properly weigh' such factors." *Anglemyer*, 868 N.E.2d at 491.

## II.  Appropriateness of Sentence

[8]     Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about

the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[9] In challenging the appropriateness of his sentence, Kirby argues that he should not have received a maximum sentence because he "does not fall in the category of worst offender." Appellant's Br. p. 12. While Kirby's actions and character may not represent the most egregious or depraved to ever come before this court, we cannot say that his 365-day sentence was inappropriate. Kirby and Smith argued after she rejected his sexual advances. The situation would likely have ended without violence had Kirby not decided to follow her after she attempted to remove herself from the contentious situation. Instead, Kirby decided to follow her to Stanley's home where he grabbed her by the arms and hair and pushed her.

[10] Kirby's criminal history also reflects poorly on his character. "Additionally, although a record of arrests by itself is not evidence of a defendant's criminal history, it is appropriate to consider such a record as a poor reflection on the defendant's character, because it may reveal that he or she has not been deterred even after having been subjected to the police authority of the State." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (citing *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005)). The record reveals that Kirby engaged in criminal activity over a span of more than three decades. In addition to his nine convictions, Kirby has been arrested three times for invasion of privacy.

He has been arrested twice each for criminal confinement, battery resulting in bodily injury, and resisting law enforcement. Kirby has also been arrested for battery, burglary, possession of a controlled substance for resale, disorderly conduct, maintaining a common nuisance, and interference with the reporting of a crime. Kirby's continued participation in criminal activity demonstrates that he has failed to reform his behavior despite numerous opportunities to do so. Kirby has also long abused alcohol and such abuse appears to correspond with his decision to engage in criminal behavior. Kirby has failed to convince us that his 365-day sentence is inappropriate.

[11] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.