# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 25 2018, 9:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Appellate Division of the Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Searcy T. Boyd Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 25, 2018 <br><br> Court of Appeals Case No. 18A-CR-1108 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Diane Ross Boswell, Judge <br><br> Trial Court Cause No. 45G03-1606-MR-4 |

**Bradford, Judge.**

# Case Summary

In March of 2016, Searcy T. Boyd Jr. shot and killed Craig Hatten. Boyd subsequently pled guilty to Level 2 felony voluntary manslaughter and was sentenced to a twenty-five-year term of imprisonment. Boyd challenges his sentence on appeal. First, he contends that the trial court abused its discretion by failing to find certain mitigating factors. Second, he contends that his twenty-five-year sentence is inappropriate in light of the nature of his offense and his character. We affirm.

# Facts and Procedural History

On March 14, 2016, Boyd was staying at a home in Hammond with his sister, Shaquanna Boyd. That evening, Hatten, Michelle Miller, and Carlus Carter came to the home and the group visited, played cards, and drank alcohol together. As the evening drew to a close, tension grew between Miller and Shaquanna. Miller and Shaquanna got into a verbal argument on the sidewalk outside the home as Miller, Hatten, and Carter prepared to leave. Boyd was standing on the front porch of the home at the time of the argument. At some point, Hatten attempted to intervene in the fight between Miller and Shaquanna. As he did so, Boyd drew and fired a 9mm handgun. The bullet from Boyd's handgun struck Hatten in the stomach, causing Hatten to suffer severe internal bleeding. Hatten later died.

On June 24, 2016, the State charged Boyd with murder and Level 4 felony unlawful possession of a firearm by a serious violent felon. On February 8, 2018, Boyd and the State entered into a plea agreement. Pursuant to the terms of the agreement, the State amended the charging information to include a Level 2 felony voluntary manslaughter charge, Boyd pled guilty to this charge, the State dismissed the murder and firearm possession charges, and sentencing was left to the discretion of the trial court. Following a hearing, the trial court accepted Boyd's guilty plea, entered judgment of conviction on the Level 2 felony voluntary manslaughter charge, and sentenced Boyd to a twenty-five-year term of imprisonment.

# Discussion and Decision

## I. Abuse of Discretion

Boyd contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted). One way in which a trial court may abuse its discretion is to enter a sentencing statement that omits aggravating or mitigating factors that

are "clearly supported by the record and advanced for consideration[.]" *Id.* at 491.

[5] In challenging the trial court's sentencing order, Boyd claims that the trial court abused its discretion by failing to find certain mitigating factors. The finding of mitigating factors is discretionary with the trial court. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993). The trial court "need not consider, and we will not remand for reconsideration of, alleged mitigating factors that are highly disputable in nature, weight, or significance." *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied*. Likewise, the trial court is not required to weigh or credit the mitigating evidence the way an appellant suggests it should be credited or weighed. *Fugate*, 608 N.E.2d at 1374. If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. *Id*.

## A. Guilty Plea

[6] Boyd claims that the trial court should have found his guilty plea to be a significant mitigating factor. We have previously held that a guilty plea does not automatically amount to a significant mitigating factor. *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*. "For instance, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Id*.

[7] In this case, Boyd's decision to plead guilty seems to be a pragmatic decision as he received a substantial benefit and there was overwhelming evidence of his guilt. Boyd benefitted from reduced criminal exposure and a potentially reduced period of incarceration as the State agreed to dismiss the murder and the Level 4 felony firearm possession charges in exchange for his plea. *See* Ind. Code § 35-50-2-3(a) (providing that a person convicted of murder shall be imprisoned for up to sixty-five years); Ind. Code § 35-50-2-5.5 (providing that a person convicted of a Level 4 felony shall be imprisoned for up to twelve years). A Level 2 felony, *i.e.*, the level of crime to which Boyd pled guilty, has a sentencing range "between ten (10) and thirty (30) years." Ind. Code § 35-50-2-4.5. The trial court sentenced Boyd to a twenty-five-year term, far less than the maximum seventy-seven-year term that he could have faced if found guilty of the charged offenses at trial. In addition, Boyd shot Hatten without provocation in front of numerous witnesses, all of whom seemingly would have been available to testify against him at trial. Boyd has failed to demonstrate that his guilty plea warranted significant mitigating weight.

## B. Remorse

[8] Boyd also claims that the trial court should have found his remorse to be a significant mitigating factor. Substantial deference must be given to a trial court's evaluation of remorse. *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004). "The trial court, which has the ability to directly observe the defendant and listen to the tenor of his or her voice, is in the best position to determine whether the remorse is genuine." *Id.* Stated differently, "[r]emorse,

or lack thereof, by a defendant is something better guarded by a trial judge who views and hears a defendant's apology and demeanor first hand and determines the defendant's credibility." *Sharkey v. State*, 967 N.E.2d 1074, 1079 (Ind. Ct. App. 2012) (internal quotation omitted).

[9] In expressing remorse, Boyd indicated that he regretted both the impact that the shooting had on the victim's family and on him, saying "I just hope this doesn't cost me my life." Tr. Vol. II, p. 40. He also seemingly attempted to downplay his actions by suggesting that he had acted in self-defense[1] and indicating that while he had made mistakes, "[n]obody is perfect." Tr. Vol. II, p. 40. Given that the trial court was in the best position to determine whether Boyd's claimed remorse was genuine, we conclude that Boyd has failed to demonstrate that his alleged remorse warranted significant mitigating weight.

## C. Employment

[10] Boyd last claims that the trial court should have found the fact that he had worked regularly to be a significant mitigating factor. However, as we concluded in *Newsome*, the fact that Boyd has been steadily employed "need not have been given the same significance by the trial court as [he] would have it give." 797 N.E.2d at 301. "Many people are gainfully employed such that this

---

[1] The trial court questioned counsel after Boyd claimed to have acted in self-defense. Defense counsel indicated that he "obviously evaluated the evidence" to see whether Boyd could plausibly raise a claim of self-defense. Tr. Vol. II, p. 41. The deputy prosecutor added that the stipulated factual basis demonstrated "that this is not a legitimate case of self-defense." Tr. Vol. II, p. 41.

would not require the trial court to note it as a mitigating factor or afford it the same weight" as Boyd proposes. *Id.* Boyd has failed to demonstrate that his employment warranted significant mitigating weight.

## II. Appropriateness of Sentence

[11]     Boyd also contends that his twenty-five-year sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (internal quotation omitted). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[12]     The nature of Boyd's offense is unquestionably serious. He escalated a verbal fight between two other individuals by pulling out and shooting his gun. In doing so, Boyd took the life of a fellow human being. We agree with the State that the circumstances surrounding the altercation "indicate that the killing of the victim was an utterly senseless crime." Appellee's Br. p. 12.

[13] As for his character, the record reveals that Boyd had previously been convicted of battery, resisting a peace officer, and felony armed robbery. He was on parole for the armed robbery conviction when he shot and killed Hatten. In addition, Boyd has previously shown a lack of concern for the well-being of others as he has been arrested for domestic battery and resisting a peace officer. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) ("[A]lthough a record of arrests by itself is not evidence of a defendant's criminal history, it is appropriate to consider such a record as a poor reflection on the defendant's character, because it may reveal that he or she has not been deterred even after having been subjected to the police authority of the State."). Boyd was not deterred by his prior convictions or arrests and again displayed a gross lack of concern for the well-being of others when he shot Hatten. Boyd has failed to convince us that his twenty-five-year sentence is inappropriate.

[14] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.